**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DEMOND BRYANT**                                    **CIVIL ACTION**

**VERSUS**                                            **NO. 15-2251**

**MARLIN N. GUSMAN, SHERIFF,**                        **SECTION: "F"(3)**
**ORLEANS PARISH**

<u>**SUPPLEMENTAL REPORT AND RECOMMENDATION**</u>

Plaintiff, Demond Bryant, a state inmate, filed this civil action pursuant to 42 U.S.C. § 1983.  He sued Orleans Parish Sheriff Marlin Gusman and inmate Louis Monroe.  In his complaint, plaintiff asserted two claims:  (1) his federal constitutional rights were violated when his "serious mental health needs" were met with deliberate indifference and (2) his federal constitutional rights were violated when he was not protected "from dangerously violent conditions of confinement."[1]

The undersigned previously issued a report recommending that this matter be dismissed for failure to prosecute because plaintiff had not kept the Court apprised of his current address and his whereabouts were unknown.[2]  However, after that report was issued, plaintiff filed a change of address[3] and objections.[4]  In light of those filings, the matter was remanded for further consideration.[5]

---

[1] Rec. Doc. 4, p. 15; <u>see also</u> Rec. Doc. 4-1, p. 10.
[2] Rec. Doc. 14.
[3] Rec. Doc. 15.
[4] Rec. Doc. 17.
[5] Rec. Doc. 18.

## I.  Sheriff Gusman

## A.  Motion to Dismiss

Sheriff Gusman has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6]  It is clear that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."  Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and ellipsis omitted).  Accordingly, Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted.  In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted).  Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. (citation, footnote, and quotation marks omitted).  On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).  "Although Rule 12(b)(6) is a powerful tool to use in expediting the judicial process and excising court

---

[6] Rec. Doc. 8.

calendars of cases in which there are no judicially cognizable claims, it is a disfavored motion and is rarely granted." Clark v. Amoco Production Co., 794 F.2d 967, 970 (5th Cir. 1986); accord H.H. White, L.L.C. v. Hanover Insurance Co., 559 F. Supp. 2d 714, 715 (E.D. La. 2008).

As an initial matter, the Court notes that Sheriff Gusman argues that plaintiff's claims should be dismissed because he failed to exhaust his administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although plaintiff is no longer incarcerated, § 1997e(a) still applies because he was incarcerated at the time he filed the complaint. See, e.g., Williams v. Henagan, 595 F.3d 610, 619 (5th Cir. 2010); Cox v. Mayer, 332 F.3d 422 (6th Cir. 2003); Ahmed v. Dragovich, 297 F.3d 201, 210 (3rd Cir. 2002); Dixon v. Page, 291 F.3d 485, 488-89 (7th Cir. 2002); Harris v. Garner, 216 F.3d 970, 978-79 (11th Cir. 2000).

Federal courts have taken a strict approach to the exhaustion requirement. For example, the United States Supreme Court held that the exhaustion requirement is "mandatory," Porter v. Nussle, 534 U.S. 516, 524 (2002), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," id. at 532. The Supreme Court further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals therefore concluded that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright

v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).  Moreover, the Fifth Circuit emphatically held that the exhaustion requirement cannot be excused by a federal court, stating:

> [T]here can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory. … District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.  It is irrelevant whether exhaustion is achieved during the federal proceeding.  Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012) (footnote omitted).

However, despite the foregoing, it is also clear that exhaustion is an affirmative defense on which the defendant bears the burden of proof.  See, e.g., Abbott v. Babin, 587 Fed. App'x 116, 118 (5th Cir. 2014) ("When defendants seek to avail themselves of the affirmative defense of failure to exhaust, they bear the burden of showing that administrative remedies were not exhausted."); Morgan v. Texas Department of Criminal Justice McConnell Unit, 537 Fed. App'x 502, 508 (5th Cir. 2013); Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010).  Of course, "it is easy work to establish that dismissal is appropriate pursuant § 1997e(a) in the context of a properly supported motion for summary judgment under Rule 56 ...."  Coleman v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 13-4325, 2013 WL 6004051, at *2 (E.D. La. Nov. 13, 2013).  Here, however, Sheriff Gusman did not file a motion for summary judgment.

Instead, he opted to assert the defense in a Rule 12(b)(6) motion.  That makes success far more difficult to achieve, due in large part to the fact that "inmates are not required to specially plead or demonstrate exhaustion in their complaints."  Jones v. Bock, 549 U.S. 199, 216 (2007).  However, while difficult, it is not impossible to successfully assert an exhaustion defense in a Rule 12(b)(6) motion.  For example, dismissal is warranted where a plaintiff concedes in his complaint that administrative remedies were in fact available and that he simply did not utilize them.  See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007) (noting that a dismissal for failure to state a

claim, predicated on a failure to exhaust, is appropriate "if the complaint itself makes clear that the prisoner failed to exhaust"). Sheriff Gusman argues that is the case here.

The undersigned disagrees. Plaintiff expressly states in his complaint that there was an administrative grievance procedure available at the jail and that he did in fact file a grievance concerning the claims in this lawsuit.[7] Although, as Sheriff Gusman notes in his motion, plaintiff then makes an ambiguous follow-up statement referencing Louis Monroe's criminal prosecution, the purpose of that reference is unclear; further, the fact that there was a criminal prosecution does not foreclose the possibility that plaintiff *also* filed an administrative grievance. As previously explained, the Court must accept all of plaintiff's well-pleaded facts as true and view them in the light most favorable to him in considering a motion to dismiss. In light of that requirement, the undersigned therefore declines to recommend dismissal on exhaustion grounds.[8]

Sheriff Gusman next argues that plaintiff's claims should be dismissed because they are prescribed. It is clear that "[a] motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." Taylor v. Bailey Tool Manufacturing Co., 744 F.3d 944, 946 (5th Cir. 2014). However, for the following reasons, it is not "evident from the pleadings" that plaintiff's claims are prescribed in the instant case.

"[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); accord Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008).

---

[7] Rec. Doc. 4, p. 2.
[8] Of course, nothing herein would prevent Sheriff Gusman from reasserting this defense in a properly supported motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

In his complaint, plaintiff alleges that the rape on which his claims are based occurred on July 21, 2014.[9] He filed his federal complaint less than one year later in June of 2015.  Therefore, it appears that plaintiff's claims are timely from the face of the complaint.

However, Sheriff Gusman argues that the complaint should not to be taken at face value and alleges that the rape in fact occurred in 2013.[10]  In support of that argument, he states that he is attaching to his motion a copy of Louis Monroe's arrest report.  However, no arrest report was in fact attached to the motion.  In light of that omission, there is no basis for this Court to conclude that plaintiff's claims are prescribed.

Lastly, Sheriff Gusman argues that, in any event, he is protected from liability by qualified immunity.  Where, as here, qualified immunity has been asserted, the burden shifts to the plaintiff to rebut that defense.  Harris v. Serpas, 745 F.3d 767, 771 (5th Cir. 2014).

Concerning qualified immunity, the United States Fifth Circuit Court of Appeals has explained:

> The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal.  Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law, and courts will not deny immunity unless existing precedent placed the statutory or constitutional question beyond debate.  Therefore, a plaintiff seeking to overcome qualified immunity must show:  (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.  A court has discretion to decide which prong to consider first.

Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013), cert. denied, 134 S. Ct. 1935 (2014).

---

[9] Rec. Doc. 4, p. 7.
[10] Rec. Doc. 8-1, p. 6.

Here, in arguing that he is protected by qualified immunity, Sheriff Gusman's motion states: "Plaintiff has not established a factual basis for a finding of liability against Sheriff Gusman in his individual capacity because no personal involvement in the incident is alleged."[11]

With respect to plaintiff's claim that his federal constitutional rights were violated when his "serious mental health needs" were met with deliberate indifference, Sheriff Gusman is correct. It is clear that "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation.  This standard requires more than conclusional assertions:  The plaintiff must allege specific facts giving rise to the constitutional claims."  Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).  Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).  Although plaintiff has filed a detailed complaint, that complaint fails to include a single factual allegation concerning his mental health needs, much less any allegation that Sheriff Gusman himself played any role whatsoever in denying plaintiff mental health care.  Therefore, his allegations are insufficient to overcome the first prong of the qualified immunity analysis, and the individual-capacity claim against Sheriff Gusman for deliberate indifference to plaintiff's "serious mental health needs" should be dismissed on that basis.

On the other hand, the Court rejects Sheriff Gusman's argument that qualified immunity protects him from plaintiff's individual-capacity failure-to-protect claim.  Plaintiff's complaint indicates that he was a pretrial detainee at the time of the rape.[12]  It is clear that "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including ... protection from harm,

---

[11] Rec. Doc. 8-1, p. 9.
[12] See Rec. Doc. 4, p. 3.

during their confinement."  Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc).

The United States Fifth Circuit Court of Appeals has further explained:

> To establish a failure-to-protect claim under § 1983, [a prisoner] must show that he
> was incarcerated under conditions posing a substantial risk of serious harm and that
> prison officials were deliberately indifferent to his need for protection.  In order to
> act with deliberate indifference, the official must both be aware of facts from which
> the inference could be drawn that a substantial risk of serious harm exists, and he
> must also draw the inference.

Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) (citations and internal quotation marks

omitted).

Regarding the deliberate indifference requirement, the United States Supreme Court has

explained:

> Whether a prison official had the requisite knowledge of a substantial risk is a
> question of fact subject to demonstration in the usual ways, including inference
> from circumstantial evidence, and a factfinder may conclude that a prison official
> knew of a substantial risk from the very fact that the risk was obvious.

Farmer v. Brennan, 511 U.S. 825, 842 (1994).  Therefore, a plaintiff may be able to make the

necessary showing by demonstrating that "a substantial risk of inmate attacks was longstanding,

pervasive, well-documented, or expressly noted by prison officials in the past, and the

circumstances suggest that the defendant-official being sued had been exposed to information

concerning the risk and thus must have known about it …."  Id. (internal quotation marks omitted).

In the instant case, plaintiff's allegations with respect to his failure-to-protect claim are

sufficient to survive a motion to dismiss, even one asserting the defense of qualified immunity.

For example, plaintiff alleges that Sheriff Gusman had a "long standing policy of understaffing

the prison"[13] and that, as a result, prisoners are left unsupervised when the assigned guard leaves

the area.[14]   He further alleges that Sheriff Gusman has "long been aware that the routine

---

[13] Rec. Doc. 4, p. 8.
[14] Rec. Doc. 4, p. 9.

understaffing of OPP creates a risk of serious harm to the people incarcerated there"[15] and that the pervasive violence and resulting injuries are common knowledge. [16]  Plaintiff alleges that, despite this knowledge, Sheriff Gusman has "failed to enact adequate policies and procedures, adopt adequate staffing complements, or train and supervise officers to ensure that individuals are protected from harm."[17]

For the purposes of this decision, the Court must accept as true plaintiff's allegations that, due to the lack of adequate security, he was incarcerated under conditions posing a substantial risk of serious harm, that Sheriff Gusman had actual knowledge of that danger due to its obviousness and the history of pervasive violence at the jail, that Sheriff Gusman nevertheless failed to act to protect plaintiff from that danger, and that, as a result, plaintiff was raped by a fellow inmate armed with a "shank."  Those allegations, if true, would violate plaintiff's clearly established right to be protected from violence under the Fourteenth Amendment as interpreted by <u>Farmer</u> and its progeny.  Accordingly, Sheriff Gusman's motion to dismiss the individual-capacity failure-to-protect claim against him on the basis of qualified immunity should be denied.

Lastly, the Court notes that, in arguing that he is protected by qualified immunity, Sheriff Gusman's motion observes:  "Here, plaintiff has sued Sheriff Marlin Gusman, ostensibly in his individual and official capacities."[18]  The Court agrees with the observation that plaintiff's *pro se* complaint, liberally construed, [19] asserts both individual-capacity and official-capacity claims against Sheriff Gusman.  In the foregoing discussion of qualified immunity, the Court has addressed the individual-capacity claims.  However, that discussion does not resolve the official-

---

[15] Rec. Doc. 4, p. 9.
[16] Rec. Doc. 4, pp. 9-10.
[17] Rec. Doc. 4, pp. 11-12.
[18] Rec. Doc. 8-1, p. 9.
[19] The Court must liberally construe a *pro se* civil rights complaint.  <u>See</u> <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

capacity claims because "the personal defense of qualified immunity does not apply to official-capacity claims." Stallworth v. Slaughter, 436 Fed. App'x 337, 340 (5th Cir. 2011).  Because Sheriff Gusman makes no other arguments as to why the official-capacity claims should be dismissed, the undersigned recommends that the motion to be dismiss be denied as to those claims.

## B.  Mandatory Screening

In addition to considering Sheriff Gusman's motion, the Court also has a statutory duty to screen plaintiff's complaint.  Specifically, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Under this authority, the Court should dismiss the official-capacity claim against Sheriff Gusman for deliberate indifference to plaintiff's "serious mental health needs" for the following reasons.

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).  Accordingly, any official-capacity claim against Sheriff Gusman would in reality be a claim against the local governmental body itself.  Picard v. Gusman, Civ. Action No. 12-1966, 2012 WL 6504772, at *4 (E.D. La. Nov. 26, 2012), adopted, 2012 WL 6504528 (E.D. La. Dec. 13, 2012); Alexander v. City of Gretna, Civ. Action No. 06-5405, 2010 WL 3791714, at *3 (E.D. La. Sept. 17, 2010); Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *2-

3 (E.D. La. Feb. 22, 2010).   However, as the United States Fifth Circuit Court of Appeals has

explained:

> In order to hold a municipality or a local government unit liable under
> Section 1983 for the misconduct of one of its employees, a plaintiff must initially
> allege that an official policy or custom was a cause in fact of the deprivation of
> rights inflicted.  To satisfy the cause in fact requirement, a plaintiff must allege that
> the custom or policy served as a moving force behind the constitutional violation
> at issue or that [his] injuries resulted from the execution of an official policy or
> custom.  The description of a policy or custom and its relationship to the underlying
> constitutional violation, moreover, cannot be conclusory; it must contain specific
> facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation

marks, brackets, and citations omitted).

In the instant case, plaintiff does allege that the failure to protect him from violence resulted

from a policy or custom of the Orleans Parish Sheriff's Office.  However, he makes no such

allegation with respect to the claim of deliberate indifference to his "serious mental health needs."

On the contrary, as noted, he has failed to include *any factual allegations whatsoever concerning*

*his mental health needs*.  He does not, for example, identify his purported needs or identify what

necessary care or treatment was denied, much less that any such denial of care resulted from a

policy or custom of the Orleans Parish Sheriff's Office.  Therefore, the official-capacity claim

concerning deliberate indifference to plaintiff's "serious mental health needs" should be dismissed

*sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may

be granted.

## II.  Louis Monroe

As noted, plaintiff has also named as a defendant Louis Monroe, the inmate who raped

him.  The Court likewise has the duty to screen the claims against Monroe pursuant to 28 U.S.C.

§ 1915(e)(2)(B).  Having done so, the undersigned likewise finds that those claims should be dismissed as frivolous.

A claim is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  For the following reasons, it is clear that plaintiff's claims against Monroe are frivolous.

First, as noted, plaintiff has asserted only two claims in this lawsuit:  (1) his federal constitutional rights were violated when his "serious mental health needs" were met with deliberate indifference and (2) his federal constitutional rights were violated when he was not protected "from dangerously violent conditions of confinement."[20]  Monroe is not a proper defendant with respect to either of those claims.  As a fellow inmate, he obviously was not legally responsible for caring for plaintiff's mental health needs or for protecting him from harm.

Second, in any event, Monroe is not a proper defendant with respect to any claim brought pursuant to 42 U.S.C. § 1983.  The United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted).  Here, the only allegation against Monroe is that he raped plaintiff.  However, it is clear that "an inmate's attack on another inmate cannot be attributed to the state in order to qualify the attacker as a state

---

[20] Rec. Doc. 4, p. 15; see also Rec. Doc. 4-1, p. 10.

actor." Hudson v. Kintock Group, Civ. Action No. 12-4728, 2013 WL 6230268, at *3 (D.N.J. Dec. 2, 2013).  Because Monroe was not acting under color of state law, any § 1983 claim against him is legally frivolous.  See, e.g., McCallup v. Arender, No. 02-60224, 2002 WL 31730409 (5th Cir. Nov. 27, 2002) (upholding dismissal of claims against persons not shown to be state actors as frivolous).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that Sheriff Gusman's motion to dismiss, Rec. Doc. 8, be **GRANTED IN PART AND DENIED IN PART**.  It is recommended that the motion be **GRANTED** with respect to the individual-capacity claim for deliberate indifference to plaintiff's "serious mental health needs," and it is further recommended that claim be **DISMISSED WITHOUT PREJUDICE**.  It is further recommended that the motion be **DENIED** in all other respects.

It is **FURTHER RECOMMENDED** that the official-capacity claim against Sheriff Gusman for deliberate indifference to plaintiff's "serious mental health needs" be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that the claims against Louis Monroe be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous.

It is **FURTHER RECOMMENDED** that the claims against Sheriff Gusman that plaintiff's federal constitutional rights were violated when he was not protected "from dangerously violent conditions of confinement" be allowed to proceed pending further development and that this matter be recommitted to the undersigned United States Magistrate Judge.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this tenth day of December, 2015.


**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**